UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY CRUMES, ET AL                          CIVIL ACTION

VERSUS                                      NO: 06-6890

GENERAL INSURANCE COMPANY OF                SECTION: J(2)
AMERICA, ET AL

**ORDER AND REASONS**

Before the Court is Defendant GTE Federal Credit Union's ("GTE") **Motion to Dismiss and Alternative Motion for Summary Judgment (Rec. Doc. 21)**. GTE requests the action against it be dismissed for failure to state a claim upon which relief can be granted.  In the alternative, GTE states that it is entitled to summary judgment dismissing the action against it.

This motion, which is opposed, was set for hearing on November 28, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

**<u>Background Facts</u>**

GTE holds a note and mortgage on Plaintiffs' residence. CUNA Mutual Group ("CUNA"), who provides financial services to GTE, obtained a policy of Portfolio Security Insurance

("Policy")[1] from General Insurance Company of America, Inc.
("General").  Using this Policy, GTE has the ability to buy
insurance on collateral that stands as security for loans in its
portfolio when the borrowers or owners of the collateral fail to
provide insurance called for in their mortgage documents or fail
to advise GTE that they have obtained that insurance.

As a result of Hurricane Katrina, Plaintiffs' residence was
damaged.  According to Plaintiffs, GTE did not attempt to collect
fully on the Policy.  Consequently, Plaintiffs brought suit in
state court against General and GTE.[2]  The action was later
removed pursuant to this Court's diversity jurisdiction on
September 29, 2006.  General was dismissed from the suit on
August 30, 2007 based on settlement with Plaintiffs.[3]

In their complaint, Plaintiffs indicate that since there is
still money owed on the Policy, they have a right to bring an
oblique action against General to recover on that Policy.
Plaintiffs further indicate that they brought this suit against
GTE to obtain a copy of the policy of insurance, to determine if
the full amount of the policy has been paid, and if there are any
other policies existing by which GTE insured their property.
Plaintiffs also allege that GTE was their insurance agent and

---

[1] The Policy is a group insurance policy which insures
credit unions against certain losses to their loan portfolio and
collateral.

[2] GTE was substituted as a party Defendant in the place of
NOME Federal Credit Union on October 25, 2006.

[3] See Record Document No. 18.

owed them a fiduciary duty to insure their home for the full
amount of its value.

### The Parties' Arguments

**A.  Motion to Dismiss**

In support of its motion to dismiss, GTE states that it is
not Plaintiffs' "insurance agent" and in fact owed no fiduciary
duty whatsoever to Plaintiffs to insure Plaintiffs' property for
its full value.  According to GTE, under Louisiana law, a lender
such as GTE is not a fiduciary of any person, including its
customers and borrowers, unless it agrees to act as such in a
written agreement signed by both parties.  La. R.S. 6:1124.
Louisiana Revised Statutes 6:1124 provides in pertinent part:

> No financial institution or officer or employee
> thereof shall be deemed or implied to be acting as a
> fiduciary, or have a fiduciary obligation or
> responsibility to its customers or to third parties
> other than shareholders of the institution, unless
> there is a written agency or trust agreement under
> which the financial institution specifically agrees
> to act and perform in the capacity of a fiduciary.
> The fiduciary responsibility and liability of a
> financial institution or any officer or employee
> thereof shall be limited solely to performance under
> such a contract and shall not extend beyond the
> scope thereof . . . . This Section is not limited to
> credit agreements and shall apply to all types of
> relationships to which a financial institution may
> be a party.

According to GTE, because Plaintiffs allege in their
complaint that GTE owed a fiduciary duty to Plaintiffs, but
provide no evidence of a written contract establishing a
fiduciary relationship, taking all well-pleaded facts in the
complaint as true, Plaintiffs have failed to state a cause of

action against GTE.  Furthermore, Plaintiffs' allegation that some type of fiduciary relationship with GTE exists by the mere fact that GTE had to purchase insurance on their property was foreclosed by <u>Oliver v. Central Bank</u>.  658 So. 2d 1316 (La. App. 2d Cir. 1995), cited with approval in <u>Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.</u>, 56 F. Supp. 2d 694, 702 (E.D. La. 1999) (holding that an insurance policy purchased by a mortgagee did not establish a fiduciary relationship between the parties based on an application of La. R.S. 6:1124, nor did it create an agency relationship between the parties).

Regardless, GTE states that the policy was issued by the insurer and insures GTE, not the debtors, and therefore even if such a fiduciary duty existed, it was not breached by GTE.  Force placed insurance is designed to protect the credit union when the borrower defaults on his obligation to insure his property which serves as the credit union's collateral.

The promissory note signed by Plaintiffs provides:

> Mortgagor agrees to furnish insurance as required by Mortgagee, and failure to furnish such insurance shall authorize Mortgagee, at its option, to obtain such insurance at Mortgagor's expense, the premium advanced therefore to be secured by this mortgage and to bear interest at the rate stipulated in the note.  It is understood and agreed that Mortgagee is not in any way obligated to obtain such insurance and it will not be liable for any loss incurred by reason of not obtaining such insurance.

Promissory Note, page 2.  The mortgage that secures the note provides:

> The said mortgagor further bind themselves to keep the buildings on above described property constantly

4

> insured against the loss by fire and windstorm, and
> to transfer such insurance and deliver the policies
> to the Mortgagee or any other holder or holders of
> the above described Note, up to the full amount of
> such Note, said Mortgagor hereby authorizing said
> Mortgagee or, any holder or holders of above
> described Note to cause said insurance to be
> effected on their default, at a premium not
> exceeding the current rate.

Mortgage, page 3.  According to GTE, the function of this
language is that the Policy purchased by the creditor is meant to
insure up to the amount of the note, which may or may not be the
full value of the property to the owners.  Lea v. Balboa Life &
Cas. Ins. Co., No. 91-1896, 1992 WL 74591 (E.D. La.  April 9,
1992).  To the extent Plaintiffs desired to have the property
insured for a higher value, they were free to buy their own
insurance in addition to that purchased by GTE, or they could
have complied with their agreement, purchase the insurance
themselves, and provide proof of that insurance to GTE.

In opposition, Plaintiffs state that GTE acted as
Plaintiffs' insurance agent in procuring insurance on Plaintiffs'
property.  As such, insurance agents owe a duty to their clients
for whom they purchase insurance; a duty that GTE breached,
according to Plaintiffs, by not insuring the property for its
full value.  Taylor v. Sider, 765 So. 2d 416 (La. App. 4th Cir.
2000).

**B.  Motion for Summary Judgment**

In an abundance of caution, GTE incorporates its arguments
in its motion to dismiss by reference and attaches a certified
copy of the mortgage signed by Plaintiffs as well as a copy of

5

the promissory note executed by Plaintiffs.  GTE also attached an affidavit of a credit union officer who states that there are no other agreements between the parties that might establish a fiduciary relationship.  Because there is no written agreement signed by both parties, GTE argues that there is no fiduciary duty owed by GTE to Plaintiffs.

In opposition, Plaintiffs attack the affidavit of the credit union officer attached to GTE's motion.  Plaintiffs state that it is not clear from the affidavit if the credit union officer has personal knowledge of the facts to which he testifies and whether the records referred to by the officer would include any agreement regarding fiduciary duties between the parties.

<u>**Discussion**</u>

This Court treats GTE's motion as a motion for summary judgment.  Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

Plaintiffs indicate that because there is still money owed on the Policy, they have a right to bring an oblique action

6

against General to recover on that Policy.  In order to bring this action, Plaintiffs brought suit against GTE to obtain a copy of the policy of insurance, to determine if the full amount of the policy has been paid, and if there are any other policies existing by which GTE insured their property.  Because General was dismissed from the suit based upon settlement with Plaintiffs, an oblique action is no longer being brought against General.  Therefore, these causes of action against GTE are now moot.  As a result, the only remaining cause of action against GTE is for breach of fiduciary duty.

Plaintiffs' argument that GTE owed Plaintiffs a "fiduciary duty to insure the home of plaintiff in the same amount that plaintiff did or would insure their home" is foreclosed by La. R.S. 6:1124, which states, in addition to the fact that a lender is not a fiduciary of any person unless it agrees to act as such in a written agreement signed by both parties, that "[t]his Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party."  In other words, 6:1124 also applies in the context of this case, whereby a mortgagee bank purchases insurance to protect its interest in its collateral.  Because Plaintiffs have not shown that there is such a written agreement between the parties, there exists no genuine issue of material fact as to the lack of a fiduciary duty between Plaintiffs and GTE.  Therefore, summary judgment should be granted.  Accordingly,

**IT IS ORDERED** that Defendant GTE's **Motion to Dismiss and**

7

**Alternative Motion for Summary Judgment (Rec. Doc. 21)** is hereby

**GRANTED.**

New Orleans, Louisiana, this 30th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE